Board of Directors of St. Francis Levee District *v.* Myers.

Opinion delivered May 7, 1906.

1. Deed—warranty—breach.—Where a grantor covenants that he will warrant the title conveyed to the extent of the consideration received for the land, he will be held bound to refund the consideration on failure of the title. (Page 15.)

2. Corporation—ultra vires contract—acceptance of benefit.—Where the president of a levee board executed a deed in the name of such board, containing a covenant of warranty obligating the board to defend the title to the extent of refunding the consideration paid if the title failed, the levee board was not entitled to retain the consideration on failure of title, whether the president had authority to make the covenant of warranty or not. (Page 15.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*H. F. Roleson,* for appellant.

The president of the board of directors is limited strictly to the terms of the act. The exercise by him of any powers not expressly conferred by the act is *ultra vires* and void. 67 Ark. 413. Since the act only authorizes him, upon presentation of the treasurer's receipt for the money, to execute a deed, he is not authorized to go further and incorporate a warranty of title. The levee district is designated as a *quasi* public corporation. 59 Ark. 513. But if it were a public corporation, its powers would be limited strictly by the act of creation. Dillon, Mun. Corp. § 443; 21 S. W. 674. See also 122 Fed. 776; 33 N. W. 333; 1 Devlin on Deeds, § § 364-368.

*S. H. Mann,* for appellees.

1. The word "deed," as used in contracts for the conveyance of land, imports that the conveyance shall give a sufficient title. 14 Ind. 12; 7 Am. Dec. 330.

2. Having received the money of appellee under the agreement that if title fails the money would be refunded, the law will compel restitution. 10 Wall. 676; 102 U. S. 294; 43 Ark. 282; 107 U. S. 348; 17 Fed. 320; 107 U. S. 575.

Hill, C. J. The President of the Board of Directors of the St. Francis Levee District sold a tract of land to the appellees upon the following agreement, incorporated in the deed, towit:

"And the said Board of Directors of St. Francis Levee District hereby agrees and covenants to forever warrant and defend the title to the said lands unto the said grantees, their heirs and assigns, forever against the lawful claims of all persons claiming by, through, or under them, or by reason of insufficiency of title in said Board of Directors at the date hereof, to the extent, however, only of refunding the above-named consideration, or so much thereof as title to which is not in said board of directors."

Title to part of the land failed, and appellee sued to recover the amount paid for said land pursuant to the foregoing clause.

The levee district defends the suit on the ground that the president of the board has simply power to sell land, and not to warrant its title; that the authority vested in him by law to execute deeds does not carry with it the power to bind the district with covenants of warranty.

If the position taken by the appellant be conceded, it does not follow that recovery can be defeated under this deed. Money was paid to the district for certain lands then conveyed by it as if it owned them, under agreement that if it did not own them it would return the money received for them. The payment was conditioned on the district then having title; in event it did own the land, it was to have the money; if it did not own the land, it could not retain the money paid for it. This was not a sale of the right, title and interest of the district, the purchaser taking his chance on getting a good title; nor, on the other hand, was it a simple conveyance of land containing a covenant of warranty, a distinct contract of itself; but it was an agreement to refund any money then paid it for land conveyed by it, should it prove that the land, or any part of it, was not owned by the district. The condition has happened, and it can not retain money received under the agreement to refund on the happening of this contingency.

The judgment is affirmed.